IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00521-CMA-CBS

JOSEPH E. MCNULTY,
DAWN L. MCNULTY, and
ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

v.

DECISION ONE MORTGAGE COMPANY, LLC;
DEUTSCHE BANK NATIONAL TRUST COMPANY, a/k/a DEUTSCHE BANK TRUST COMPANY AMERICAS, as TRUSTEE FOR HIS ASSET SECURITIZATION CORPORATION TRUST 2007-HE2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
JOHN OR JANE DOES 1-1000, Unknown Investor;
JOHN ROES 1-20, Undisclosed Mortgage Aggregators, Mortgage Originators, Loan Sellers, Trustees of Pooled Assets, and/or Trustees for Holders of Certificates of Collateralized Mortgage Obligations;
PUBLIC TRUSTEE of EL PASO COUNTY; and
all Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,

    Defendants.

---

## ORDER DISMISSING CASE

---

Plaintiffs initiated this action in state court on January 27, 2011 by filing a *pro se* complaint. (Doc. # 3.) Defendants subsequently removed this case to federal court. The case was referred to Magistrate Judge Craig B. Shaffer on March 11, 2011. Defendant Deutsche Bank filed a Motion to Dismiss on March 9, 2011 (Doc. # 5), and Defendant Public Trustee of El Paso filed a Motion to Dismiss on April 20, 2011. (Doc. # 16.) A responding party generally has twenty days after the filing date of a motion to

respond. D.C.COLO.LCivR 7.1. Plaintiffs have not responded to either Motion to Dismiss. By Minute Order, Magistrate Judge Shaffer extended Plaintiffs' deadline to respond to May 16, 2011. (Doc. # 20.) That date has since passed and Plaintiffs have still not filed any responses.

Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court may dismiss a case *sua sponte* under Rule 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1161 (10th Cir. 2007) (dismissing *sua sponte* under Rule 41(b) for failure to prosecute).

Before choosing dismissal as an appropriate sanction, this Court considers (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiffs have repeatedly been directed to file responses to the pending motions. It has been over two months since the first motion to dismiss was filed and Plaintiffs have yet to respond. Plaintiffs have offered no explanation for the lack of response. This Court will not tolerate abuse of its limited judicial resources by litigants who initiate actions and then refuse to prosecute.

Accordingly, IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to prosecute.

DATED:  May   24  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge